EUNIQUE N. NICKENS )
) No. 15-1376
     v.

CAROLYN W. COLVIN

## OPINION AND ORDER

### SYNOPSIS

Plaintiff filed an application for disability insurance benefits and social security income benefits, based on physical and mental impairments. Plaintiff's claim was denied initially and upon hearing before an administrative law judge ("ALJ"). The Appeals Council denied her request for review. On appeal, at Civil Action No. 14-140, this Court remanded the matter for further proceedings. In particular, I noted that the ALJ gave great weight to the opinion of Dr. Tarter, but that there was no indication that he separately considered her opinion regarding Plaintiff's ability to interact with supervisors, which was not reflected in the residual functional capacity ("RFC"). Accordingly, remand was solely for the purposes of clarifying the ALJ's approach to, or considering, opinions relating to Plaintiff's interactions with supervisors. On remand, the ALJ held another hearing, and again issued an unfavorable decision. At bar is Plaintiff's appeal of that second decision. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

### OPINION

#### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3)7. Section 405(g) permits a district court to review

the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II.    THE PARTIES' MOTIONS

Plaintiff contends that the ALJ erred in relying on Dr. Tarter's opinion, which preceded years of mental health treatment.   In her previous appeal, Plaintiff argued only that the ALJ erred when he failed to address Dr. Tarter's limitation on interaction with supervisors, despite

2

giving her opinion substantial weight.  Thus, I note that Plaintiff could have asserted this

argument in her initial appeal, but did not do so.   Because Defendant does not raise any waiver

issue, I will consider Plaintiff's contentions.

In so doing, I reject those contentions on substantive grounds.

> [Non-examining] consultants could review the record (as it then existed) before providing an opinion. And, the final decision in this case was made by the ALJ based on the entire record, including the evidence admitted after the state agency doctor's reviews. "It is the ALJ's responsibility to determine whether the new evidence supports the consultant's opinions."

Harrison v. Colvin, 2015 U.S. Dist. LEXIS 132649, at *20-21 (D. Kan. Sept. 30, 2015).

Thus, so long as records that postdate an "outdated" non-examining source's opinion are

assessed and considered, the ALJ does not necessarily err in relying on that "outdated" opinion.

Passaretti v. Colvin, 2015 U.S. Dist. LEXIS 128083, at **28-29 (M.D. Pa. Sept. 24, 2015).

Here, the ALJ expressly stated that the RFC assessed and considered all of the claimant's

limitations, based on the record as a whole.  As he stated, "[n]o one particular piece of evidence

may be viewed in isolation."  Indeed, the ALJ considered Dr. Tarter's opinion alongside

Plaintiff's other medical records, and determined the appropriate weight to afford the remaining

medical opinion; Plaintiff does not suggest that her records or other medical opinion were

rejected or entirely disregarded.  Accordingly, he did not rely on Dr. Tarter's opinion alone.  I

find no error in the ALJ's approach.

## CONCLUSION

Based on the record as a whole, the ALJ's decision is supported by substantial evidence.

Plaintiff's Motion will be denied, and Defendant's granted.  An appropriate Order follows.

**ORDER**

AND NOW, this 27th day of October, 2016, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is denied, and Defendant's granted.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court